Brett M. Schatz (schatbr)
Law Office of Brett M. Schatz P.C.
1345 Avenue of the Americas
Second Floor
New York, NY 10105
Tel: 212-631-7463
Fax: 646-786-3325
e-mail: bschatz@bmsfirm.com

*Attorneys for Named plaintiffs and the FLSA
And FRCP Rule 23 Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| **CARLOS ANTONIO MERIDA CONCHA, FILIBERTO CORTES LAZCANO, JOSE GUILLERMO MARTINEZ and EULALIO LOPEZ on behalf of themselves and all others similarly situated,** | **DOCKET NO.:** |
| | **COMPLAINT** |
| **Plaintiffs,** | |
| vs. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **BROOKLYN BAKERY, INC. D/B/A NY BROOKLYN BREAD, WORLD FINEST BAKERS, LLC D/B/A RELIABLE BAKERY, JOSEPH VITACCO, and PETER RUGGERI.** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

-------------------------------------------------------------x

1. Plaintiffs Carlos Antonio Merida Concha, Filiberto Cortes Lazcano, Jose Guillermo Martinez and Eulalio Lopez individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to others, allege as follows:

1

## NATURE OF THIS ACTION

2. All named Plaintiffs are hereinafter collectively referred to as "Plaintiffs"

3. All named Defendants are hereinafter collectively referred to as "Defendants."

4. Plaintiffs are former employees of the Defendants.

5. Plaintiffs performed the duties of preparing and cooking baked goods while employed by the Defendants.

6. Plaintiffs were paid at straight-time rates for all hours worked in excess of 40 per week.

7. Additionally, Defendants failed to pay Plaintiffs Spread of Hours pay for each day in which the Plaintiffs worked in excess of 10 hours.

8. Plaintiffs bring this action to recover unpaid overtime pay and Spread of Hours Pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §§ 650 et seq.

9. Plaintiffs also bring this action for Defendants' failure to provide proper wage notices and wage statements pursuant to the NYLL and the supporting regulations.

10. Plaintiffs bring their FLSA claim on behalf of themselves and all other similarly situated current and former employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all similarly situated current and former employees of Defendants.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C.§ 201.

12. This Court has supplemental jurisdiction over the New York State Labor Law claims as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and the Defendants conduct a substantial portion of their work within the district.

14. Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

**THE PARTIES**

15. Plaintiff Carlos Antonio Merida Concha was and remains at all relevant times an individual residing in the county of Kings state of New York.

16. Plaintiff Filiberto Cortes Lazcano was and remains at all relevant times an individual residing in the county of Kings, state of New York.

17. Plaintiff Jose Guillermo Martinez was and remains at all relevant times an individual residing in the county of Kings, state of New York.

18. Plaintiff Eulalio Lopez was and remains at all relevant times an individual residing in the county of Kings, state of New York.

19. Defendant Brooklyn Bakery Inc. D/B/A NY Brooklyn Bread is a corporation duly incorporated under the laws of the state of New York with a primary place of business located at 8118 18th Avenue, Brooklyn, NY 11214.

20. At all relevant times, Brooklyn Bakery Inc., has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

21. Upon information and belief, at all relevant times, Brooklyn Bakery Inc., had gross revenues in excess of $500,000.00 per year.

22. Defendant World Finest Bakers, LLC D/B/A Reliable Bakery is a corporation duly incorporated under the laws of the state of New York with its primary place of business located at 1784 81 Street, Brooklyn, NY 11214.

23. At all relevant times, World Finest Bakers, LLC, has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

24. Upon information and belief, at all relevant times, World Finest Bakers, LLC, had gross revenues in excess of $500,000.00 per year.

25. Defendants Brooklyn Bakery Inc. and World Finest Bakers, LLC are hereinafter referred to as "Corporate Defendants."

26. Corporate Defendants are joint employers of the Plaintiffs, collective and class members.

27. Defendant Joseph Vitacco was and remains at all relevant times an individual residing in the county of Richmond, state of New York.

28. Upon information and belief Defendant Joseph Vitacco, is the co-owner of Brooklyn Bakery Inc.

29. Upon information and belief Defendant Joseph Vitacco, is the co-owner of World Finest Bakers, LLC

30. Defendant Peter Ruggeri was and remains at all relevant times an individual residing in the county of Richmond, state of New York.

31. Upon information and belief Defendant Peter Ruggeri, is the co-owner of Brooklyn Bakery Inc.

32. Upon information and belief Defendant Peter Ruggeri, is the co-owner of World Finest Bakers, LLC

33. Joseph Vitacco and Peter Ruggeri are hereinafter collectively referred to as the "Individual Defendants."

34. Upon information and belief at all relevant times Defendant Joseph Vitacco exercised control over the terms and conditions of Plaintiffs' employment and those of similarly situated employees. With respect to Plaintiffs' and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

35. Upon information and belief at all relevant times Defendant Peter Ruggeri exercised control over the terms and conditions of Plaintiffs' employment and those of similarly situated employees. With respect to Plaintiffs' and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

36. At all relevant times, Defendants Joseph Vitacco employed and/or continues to employ Plaintiffs and each Collective and Class Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

37. At all relevant times, Defendants Peter Ruggeri employed and/or continues to employ Plaintiffs and each Collective and Class Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

38. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants, and acted intentionally and maliciously in their direction and control of Plaintiffs and other similarly situated employees, and said Individual Defendants are an "employer"

within the meaning of the FLSA and the New York Labor Law, and are jointly and severally liable with the Corporate Defendants.

39. All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants as bakery workers on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

41. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required wage of one and one half times their hourly rate for work in excess of forty (40) hours per workweek.

42. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

43. The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).

44. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action members are similarly situated, in that they were all subjected to Defendants' illegal policies, including but not limited to, failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of this policy, Plaintiffs and the

Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

45. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

46. The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS — NEW YORK**

47. Plaintiffs bring the Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants in the preparation and production of bakery goods on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

48. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

49. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

50. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation, prevailing wages and Spread of hours and failure to maintain proper employment records and failing to provide proper wage notices.

51. Said corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

52. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in similar cases.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

54. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult for the individual Class members to redress the wrongs done to them.

55. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

56. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

57. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

58. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

59. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and Class Members.

   b) Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York Labor law.

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

   d) Whether Defendants compensated the Class the premium required under New York Labor Law when class members "spread of hours" in a workday exceeded ten hours.

   e) Whether Defendants properly compensated Plaintiffs' and Class members for overtime.

   f) Whether Defendants failed to provide Plaintiffs and the Class Members with proper wage notices and wage statements;

   g) Whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

   h) Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

## FACTS

60. At all relevant times Corporate Defendants operate a bakery businesses which is owned and operated by Individual Defendants.

61. Upon information and belief the Corporate Defendants have the same owners, directors, co-mingle assets between themselves and for purposes of this action should be considered a joint employer.

62. Furthermore, both Corporate Defendants paid the Plaintiffs simultaneously.

63. Plaintiffs were employed by the Defendants in the capacity as bakers.

64. In addition, Corporate Defendants use the same bookkeepers and payroll systems.

65. At all relevant times the work performed by Plaintiffs' was directly essential to the business operated by Defendants.

66. Upon information and belief Plaintiffs and others similarly situated did not receive overtime pay or Spread of Hours Pay at any time during their employment.

67. In addition, Plaintiffs and others similarly situated were not provided with proper wage statements and Defendants did not keep proper time records for Defendants as required pursuant the FLSA and New York Labor Law.

68. At all relevant times Defendants knowingly and willfully failed to pay Plaintiffs' and others similarly situated their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

69. At all relevant times Defendants knowingly and willfully failed to pay Plaintiffs' and other similarly situated their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

70. Defendants committed the following alleged acts knowingly, intentionally and willfully.

71. Defendants knew that, nonpayment of overtime and Spread of Hours would economically injure Plaintiffs and others similarly situated and violated federal and state laws.

72. Plaintiffs' worked approximately 62 hours per week baking, bread and other bakery goods.

73. Plaintiffs were not compensated one and one half times their hourly pay as required pursuant to New York State and Federal law for hours that they worked in excess of forty per workweek.

74. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

75. Plaintiffs were not paid New York's "spread of hours" premium on days that they worked in excess of 10 hours.

76. Plaintiff Carlos Antonio Merida Concha was employed by the Defendants from on or about December 15th, 2008 to on or about January 15th, 2016 for approximately 62 hours per week.

77. Plaintiff Filiberto Cortes Lazcano was employed by the Defendants from on or about April 1st, 2004 to on or about July 1st, 2015 for approximately 62 hours per week.

78. Plaintiff Jose Guillermo Martinez was employed by the Defendants from on or about December 1st, 2013 to on or about November 1st, 2014 for approximately 62 hours per week.

79. Plaintiff Eulalio Lopez was employed by the Defendants from on or about April 1st, 2004 to on or about July 19th, 2016 for approximately 62 hours per week.

80. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 et seq.**
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

81. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, re-allege and incorporate by reference all previous paragraphs.

82. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Collective Action Members.

83. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

84. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and collective action members at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

85. As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

86. Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Collective Action Members.

87. Defendants' violations of the FLSA have been willful and therefore a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

88. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Minimum Wage Act, N.Y. Stat. § 650 et seq.,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

89. Plaintiffs, on behalf of themselves and the Class members, re-allege and incorporate by reference all previous paragraphs.

90. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

91. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

92. Through its knowing or intentional failure to pay Plaintiffs and the Class Members overtime wages for hours worked in excess of forty (40) per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

93. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### (New York Spread of Hours Provisions,
### N.Y. Lab. L. § 650 et seq.,
### Brought by Plaintiffs on Behalf of
### Themselves and the Class)

94. Plaintiffs, on behalf of themselves and the Class members, re-allege and incorporate by reference all previous paragraphs.

95. Plaintiffs and the Class members regularly worked more than 10 hours in a workday.

96. Defendants willfully failed and intentionally failed to compensate Plaintiffs and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

97. Through its knowing or intentional failure to pay Plaintiffs and the Class Members overtime wages for hours worked in excess of forty (40) per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

98. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Labor Law-Wage Notice Violation)

99. Plaintiffs, on behalf of themselves and the Class Members, repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

90. At all relevant times, Defendants employed and/or continue to employ Plaintiffs and each Class Member within the meaning of the NYLL, §§ 2 and 651.

91. Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

92. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per employee, as provided for by NYLL, Article 6, §§ 190 et seq., reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FIFTH CLAIM FOR RELIEF**
**(New York Labor Law-Wage Statement Violations)**

93. Plaintiffs, on behalf of themselves and the Class Members, repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

94. Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing Plaintiffs' overtime rate or rates of pay if applicable; and an accurate count of the number of hours worked, including overtime hours worked if applicable.

95. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100.00) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post judgment interest, and injunctive and declaratory relief just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

(b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class, appointing Plaintiffs and their counsel to represent the Class and ordering appropriate monetary, equitable and injunctive relief to remedy Defendants' violation of the common law and New York State law;

(c) An order tolling the statute of limitations;

(d) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e) An award of compensatory damages as a result of the Defendants' willful failure to payovertime compensation pursuant to the FLSA, NYLL, and supporting regulations;

(f) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to wages pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

(g) Fifty dollars ($50.00) per Plaintiff and each Class Member for each workweek

that the violations of the wage notice provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the NYLL Class Members as provided for by NYLL, Article 6 § 198(1-b);

(i) One Hundred dollars ($100.00) per Plaintiff and each Class Member for each workweek that the violations of the wage statement provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per Plaintiff and each Class Member as provided for by NYLL, Article 6 § 198(1-d);

(j) An award of monetary damages to be proven at trial for all unpaid prevailing wages, daily/weekly overtime and supplemental benefits owed to Plaintiffs and the Class;

(k) An award of prejudgment and post judgment interest;

(l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(m) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Plaintiffs hereby demand a jury trial on all questions of fact raised by the Complaint

Dated: New York, New York  Respectfully submitted,
December 7, 2016

*[signature]*

Brett M. Schatz
Law Office of Brett M. Schatz, P.C.
1345 Avenue of the Americas
Second Floor
New York, NY 10105
Tel: 212-631-7463
Fax: 646-786-3325
e-mail: bschatz@bmsfirm.com
*Attorney for Plaintiffs, proposed collective action members and proposed class*