UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
 :
CARLOS ANTONIO MERIDA CONCHA, FILIBERTO : 16-CV-6808 (ARR) (LB)
CORTES LAZCANO, JOSE GUILLERMO MARTINEZ, :
and EULALIO LOPEZ, :
 :
        Plaintiffs, : OPINION AND ORDER
 :
  -against- : NOT FOR ELECTRONIC
 : OR PRINT PUBLICATION
BROOKLYN BAKERY, INC., WORLD FINEST :
BAKERS, LLC, JOSEPH VITACCO, and PETER :
RUGGERI, :
 :
        Defendants. :
 :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiffs Carlos Antonio Merida Concha, Filiberto Cortes Lazcano, Jose Guillermo Martinez, and Eulalio Lopez bring this putative class and collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (NYLL). Plaintiffs are former employees of defendants Brooklyn Bakery Inc. and World Finest Bakers, LLC ("the bakeries"), which are co-owned by defendants Joseph Vitacco and Peter Ruggeri ("the individual defendants"). Defendants have moved to dismiss plaintiffs' complaint. For the reasons that follow, defendants' motion is denied in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the allegations in plaintiffs' complaint, Compl., ECF No. 1, which are accepted as true for the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002).[1]

---

[1] Defendants move to dismiss plaintiff Lopez's NYLL claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Defs.' Mem. of Law in Supp. of Mot. to Dismiss

1

Plaintiffs are former employees of the bakeries. Compl. ¶¶ 4, 26. Specifically, the bakeries were "joint employers" of the plaintiffs that employed the plaintiffs simultaneously. Id. ¶¶ 25−26, 62. The bakeries have the same owners and directors. Id. ¶ 61. They use the same bookkeepers and payroll systems, id. ¶ 64, and comingle assets, id. ¶ 61.

The individual defendants are co-owners of the bakeries who participate in the day-to-day operation of the bakeries. Id. ¶¶ 28−29, 31−32, 38. At all relevant times, the individual defendants "exercised control over the terms and conditions of [p]laintiffs' employment . . . [and] had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment." Id. ¶¶ 34−35.

During their employment, plaintiffs "worked approximately 62 hours per week baking[] bread and other bakery goods." Id. ¶ 72. Specifically, "[p]laintiff Carlos Antonio Merida Concha was employed by the Defendants from on or about December 15th, 2008 to on or about January 15th, 2016 for approximately 62 hours per week," id. ¶ 76; [p]laintiff Filiberto Cortes Lazcano was employed by the Defendants from on or about April 1st, 2004 to on or about July 1st, 2015 for approximately 62 hours per week," id. ¶ 77; "[p]laintiff Jose Guillermo Martinez was employed by the Defendants from on or about December 1st, 2013 to on or about November 1st, 2014 for approximately 62 hours per week," id. ¶ 78; and "[p]laintiff Eulalio Lopez was employed by the Defendants from on or about April 1st, 2004 to on or about July 19th, 2016 for approximately 62 hours per week," id. ¶ 79. Plaintiffs did not receive overtime pay at any time during their employment. Id. ¶¶ 66, 68, 73, 84.

---

("Defs.' Mem.") at 11−12, ECF No. 26. "[I]n adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings. . . ." State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007). However, as explained infra, defendants' jurisdictional challenge is wholly without merit. Accordingly, I present the facts here as they are to be considered on a motion to dismiss under Rule 12(b)(6).

On December 9, 2016, plaintiffs filed this civil action. Id. On May 17, 2017, defendants filed a motion to dismiss. See Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem."), ECF No. 26; see also Defs.' Reply Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Reply"), ECF No. 29. Plaintiffs oppose defendants' motion. Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n"), ECF No. 28.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 679). "In ruling on a Rule 12(b)(6) motion, [the court] accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." Taylor, 313 F.3d at 776; see also Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc., 343 F.3d 189, 194 (2d Cir. 2003).

**DISCUSSION**

**I.    Plaintiffs Have Pled A Plausible FLSA Overtime Claim.**

"Section 207(a)(1) of the FLSA requires that 'for a workweek longer than forty hours,' an employee working 'in excess of' forty hours shall be compensated for those excess hours 'at a rate not less than one and one-half times the regular rate at which [she or] he is employed.'" Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)).

In Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013), the Second Circuit "considered the degree of specificity needed to state an overtime claim under [the] FLSA." Id. at 114. The court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. Defendants argue that plaintiffs' FLSA overtime claim should be dismissed because it does not meet this pleading standard. Defs.' Mem. at 8−11. I disagree.

Plaintiffs' complaint contains specific factual allegations bearing on their FLSA unpaid overtime claim. Plaintiffs allege that they "worked approximately 62 hours per week." Compl. ¶ 72. Further, plaintiffs' complaint provides dates of employment for each plaintiff and alleges that each plaintiff was employed "for approximately 62 hours per week" during his or her period of employment. Id. ¶¶ 76−80. Plaintiffs also allege that they did not receive overtime pay at any time during their employment. Id. ¶¶ 66, 68, 73, 84.

These allegations meet Lundy's standard. Plaintiffs have "sufficiently allege[d] [at least] 40 hours of work in a given workweek," Lundy, 711 F.3d at 114, by alleging that they worked approximately sixty-two hours per week during their period of employment and specifying the dates of employment. Further, plaintiffs have sufficiently alleged "some uncompensated time in excess of the 40 hours," id., by alleging that they never received overtime pay during their employment. In other words, by alleging that they worked sixty-two hours per week during specified dates of employment, plaintiffs have provided specific factual allegations that they worked at least forty hours and were uncompensated for excess time during specific weeks. This suffices under Lundy.

Courts that have considered similar allegations have determined that they meet Lundy's pleading standard. See, e.g., Mumin v. Uber Techs., Inc., No. 15 CV 6143, 2017 WL 934703, at *16 (E.D.N.Y. Mar. 8, 2017) ("[Plaintiff] alleges that he worked . . . 60 to 72 hours per week, from August 2014 to the present. He also asserted that [defendant] never paid him overtime . . . . [These] allegations are enough to state plausible overtime claims."); Shen v. John Doe Corp., No. 16 Civ. 2015, 2016 WL 7217850, at *5 (S.D.N.Y. Dec. 13, 2016) ("[P]laintiffs allege that they worked . . . seventy-two hours per week[] '[a]t all relevant times.' . . . Thus, the complaint alleges that the plaintiffs worked thirty-two hours of overtime and were not compensated for that time in every week that they worked for the defendants. These are not opaque allegations. . . . [D]efendants' motion to dismiss should be denied.") (emphasis omitted), R. & R. adopted, 2017 WL 111746 (S.D.N.Y. Jan. 11, 2017); Leon v. Port Wash. Union Free Sch. Dist., 49 F. Supp. 3d 353, 357–58 (E.D.N.Y. 2014) ("Plaintiff alleges that she regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week—namely 1½ to 2 hours per week. . . . [T]hese allegations sufficiently state that Plaintiff regularly worked forty hours a week and sufficiently describe the pattern of her overtime, but uncompensated work.").[2]

Defendants cite a set of cases that appear to reach the opposite conclusion. See Defs.' Mem. at 10. Some of these cases are easily distinguishable.[3] Three cases cited by defendants involve

---

[2] See also, e.g., Luna v. Gon Way Constr., Inc., No. 16 Civ. 1411, 2017 WL 835321, at *11 (E.D.N.Y. Feb. 14, 2017) ("Plaintiffs all allege that they regularly worked 55 hours per week throughout the course of their employment. Plaintiffs' allegations demonstrate their overtime claim without the need for any inference because Plaintiffs' set schedules exceeded forty hours per workweek."), R. & R. adopted, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017); Paganas v. Total Maint. Sol., LLC, No. 15-CV-5424, 2016 WL 7048034, at *9 (E.D.N.Y. Dec. 5, 2016) ("To meet the pleading standard, it is sufficient for a plaintiff to allege a pattern of overtime work instead of providing the specific hours worked.").

[3] Bustillos v. Acad. Bus, LLC, No. 13 CIV. 565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (dismissing claim because plaintiff "alleged a broad range of hours he claims he regularly worked"); Spiteri v. Russo, No. 12-CV-2780, 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013) (dismissing claim because "[p]laintiff concedes that he was paid some money for the time he worked . . . [but] [p]laintiff only pleads

5

allegations similar to the ones at issue here. See Garcia v. Paris Maint., 2016 U.S. Dist. LEXIS 60111, at *24-25 (E.D.N.Y. May 4, 2016) ("Plaintiff . . . routinely worked on average approximately eighty-four (84) hours per week."), R. & R. adopted, 2016 U.S. Dist. LEXIS 71200 (E.D.N.Y. June 1, 2016); Serrano v. I. Hardware Distributors, Inc., No. 14-CV-2488, 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015) ("[Plaintiffs] claim to have worked an average of 62 and 60 hours per week, respectively."); Gisomme v. HealthEx Corp., No. CV 13-2541, 2014 WL 2041824, at *1−2 (E.D.N.Y. May 15, 2014) ("Plaintiffs estimate that [two of them] each worked an average of 50 hours per week and [the third] worked an average of 53 hours per week."). To the extent these cases suggest that such allegations are insufficient under Lundy, I respectfully disagree, as I find the body of cases cited above to be more persuasive.

Furthermore, this case can be distinguished from Garcia, Serrano, and Gisomme because here, the plaintiffs have alleged that they worked sixty-two hours per week throughout their period of employment *and* have provided specific dates of each plaintiff's employment. See, e.g., Compl. ¶ 76 ("Plaintiff Carlos Antonio Merida Concha was employed by the Defendants from on or about December 15th, 2008 to on or about January 15th, 2016 for approximately 62 hours per week."). Lundy's standard is met because — drawing all inferences in favor of the plaintiffs, as I must at this stage — the complaint provides specific facts to support an inference that there was at least one given workweek (and, in fact, many given workweeks) in which plaintiffs worked more than forty hours.

For this reason, defendants' singular focus on the Lundy court's use of the term "given workweek" is misguided. See, e.g., Defs.' Mem. at 9 ("[I]n contravention of Lundy and other

---

hours in the aggregate, [so] the Court cannot determine which hours were not paid and whether any unpaid hours qualify for overtime payment"), aff'd, 622 F. App'x 9 (2d Cir. 2015).

applicable case law, the Complaint fails to identify even one particular workweek where Plaintiffs worked over forty (40) hours."). Requiring plaintiffs to plead that they worked sixty-two hours in one particular week during their employment, in addition to the allegations detailed above that clearly support such an inference, would be needlessly formalistic and would contravene the Second Circuit's instruction in Lundy that district courts must "draw on [their] judicial experience *and common sense*" in determining whether plaintiffs' allegations are plausible. 711 F.3d at 114 (emphasis added) (quoting Iqbal, 556 U.S. at 679).

Defendants' remaining arguments to the contrary are wholly without merit. First, defendants erroneously suggest that plaintiffs' complaint is deficient because it ignores a requirement "oft-repeated" by the Second Circuit that the complaint must specify a plaintiff's rate of pay in order to state an FLSA overtime claim. See Defs.' Mem. at 9. The lone source cited by defendants for this proposition, Nakahata v. N.Y.-Presbyterian Healthcare System, Inc., 723 F.3d 192 (2d Cir. 2013), contains no such requirement. To the contrary, Nakahata reiterated Lundy's pleading standard. See id. at 200 (repeating Lundy's pleading standard); id. at 201 ("Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). Indeed, the Nakahata court expressly declined to decide whether the district court erred in dismissing plaintiff's complaint on the grounds that plaintiff failed to provide "specific facts of employment including . . . pay." Id. at 200−01.

Defendants again miss the mark when they accuse the plaintiffs' complaint of being the "'all-purpose pleading template alleging overtime in some or all workweeks' that the Second Circuit warned against in DeJesus [v. HF Management Services, LLC, 726 F.3d 85 (2d Cir. 2013)]." Defs.' Mem. at 9. In Dejesus, the Second Circuit dismissed plaintiff's complaint, which

7

alleged that she "worked more than forty hours per week during some or all weeks of her employment and . . . was not paid at a rate of at least 1.5 times her regular wage for each hour in excess of forty hours." 726 F.3d at 86. The court explained that the plaintiff's complaint was insufficient because it "did not estimate her hours in any or all weeks or provide any other factual context or content" and "was devoid of any numbers to consider beyond those plucked from the statute." Id. at 89. In other words, her "complaint tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." Id. Quite clearly, the complaint in this case is distinguishable because plaintiffs have provided a specific number of hours worked per week and the dates of their employment, which are specific facts sufficient to raise a plausible inference of an FLSA overtime violation.

In sum, I find that plaintiffs have "allege[d] sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." Lundy, 711 F.3d at 114.

## II. Plaintiffs Have Adequately Pled Their Employment Status.

Defendants next argue that plaintiffs have not adequately pled that defendants were their employers under the FLSA. Defs.' Mem. at 6.[4] Defendants cite numerous cases to support their statements that "plaintiff[s] in a wage and hour lawsuit must assert specific details about the basis for which they allege that [an] entity or individual is [their] employer" and "[a] mere recitation of

---

[4] This argument also applies to defendants' NYLL claims, because "[c]ourts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) (alteration omitted) (quoting Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 308 n. 21 (S.D.N.Y. 2011)).

8

the elements of an employment relationship will not suffice." Defs.' Mem. at 4−7.[5] I agree with these stated principles of law. However, as explained below, I find that plaintiffs' complaint has met this pleading standard by alleging specific facts as to each defendant's employment status.

The FLSA defines "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A. § 203. When determining whether an individual or entity is an employer under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question." Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 66 (2d Cir. 2003) (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)). This determination "should be grounded in 'economic reality rather than technical concepts.'" Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008) (quoting Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961)). To determine employment status, a court should look at "a nonexclusive and overlapping set of factors," Zheng, 355 F.3d at 75, to assess "the 'economic reality' of a putative employment relationship, specifically, 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment,

---

[5] Citing Bai v. Zhuo, No. 13 Civ. 05790, 2014 WL 2645119 (E.D.N.Y. June 13, 2014); Gisomme, 2014 WL 2041824; Bravo v. Established Burger One, LLC, No. 12 Civ. 9044, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013); Wolman v. Catholic Health Sys. of Long Island, 853 F. Supp. 2d 290 (E.D.N.Y. 2012), aff'd in part and rev'd in part on other grounds sub nom. Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106 (2d Cir. 2013); Diaz v. Consortium for Worker Educ., Inc., No. 10 Civ. 01848, 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010); Tracy v. NVR, Inc., 667 F.Supp. 2d 244 (W.D.N.Y. 2009); Sampson v. MediSys Health Network, Inc., No. 10-CV-1342, 2012 WL 3027838 (E.D.N.Y. July 24, 2012); see also Nakahata v. New York-Presbyterian Healthcare Sys., 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011), aff'd in part and vacated in part on other grounds, 723 F.3d 192 (2d. Cir. 2013); Cannon v. Douglas Elliman, LLC, No. 06 Civ. 7092, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007).

In their reply brief, defendants argue that certain cases cited by the plaintiffs, which were decided in 2012 and 2013, are "inapposite because [they] are several years old," and they accuse plaintiffs of "putting misplaced reliance on old law." Defs.' Reply at 5. This makes no sense, as defendant has pointed to no intervening change in the law that would render these cases irrelevant and, further, *only one* of the numerous cases cited by defendants' memorandum on this issue was decided after 2013.

(3) determined the rate and method of payment, and (4) maintained employment records,'" Barfield, 537 F.3d at 142 (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)).

### A. Plaintiffs Have Plausibly Alleged That the Individual Defendants Were Their Employers.

"Courts have consistently held that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Sampson, 2012 WL 3027838, at *5 (quoting Hernandez v. La Cazuela de Mari Rest., Inc., 538 F. Supp. 2d 528, 534 (E.D.N.Y. 2007)). "The question of whether a corporate officer or director is a 'joint employer' 'depends on whether [that individual] exercised sufficient control over [p]laintiffs to be considered their employer.'" Id. (quoting Wolman, 2012 WL 566255, at *6).

Plaintiffs allege that "[t]he [i]ndividual [d]efendants participated in the day-to-day operations of the [bakeries]." Compl. ¶ 38. They further allege, on information and belief, that the individual defendants are co-owners of both bakeries, id. ¶¶ 28−29, 31−32, and that "[a]t all relevant times [the individual defendants] exercised control over the terms and conditions of [p]laintiffs' employment . . . [and] had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment," id. ¶¶ 34−35.

Courts have found that such allegations are sufficient. See, e.g., Leal v. Masonry Servs., Inc., No. 12-CV-588, 2013 WL 550668, at *3 (E.D.N.Y. Feb. 12, 2013) (surveying caselaw and explaining that allegations that "[d]efendants, in their capacity as owners and directors[,] . . . had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages . . . are sufficient to allege [defendants'] status as Plaintiff's employer, as that term is defined under the FLSA."); see also, e.g., Wilk v. VIP Health Care Servs., Inc., No. 10 CIV. 5530, 2012 WL 560738, at *8 (E.D.N.Y. Feb. 21, 2012) (denying motion to dismiss because

10

"[plaintiff] alleges that [defendant] had influence over hiring and firing decisions, and the terms and conditions of her employment"); Severin v. Project OHR, Inc., No. 10 CIV. 9696, 2011 WL 3902994, at *6 (S.D.N.Y. Sept. 2, 2011) (denying motion to dismiss where plaintiffs alleged that defendant "controlled personnel decisions, and had the power to hire and fire, set wages, and otherwise control the terms and conditions of the plaintiffs' employment"); Michalek v. Amplify Sports & Entm't LLC, No. 11 CIV. 508, 2012 WL 2357414, at *3 (S.D.N.Y. June 20, 2012) (finding plaintiffs had sufficiently alleged employer status of an individual defendant by alleging that he "had the authority to hire and fire employees," "had the authority to supervise employees," "controlled employees' schedules," and "determined the rate and method of payment for employees"); Perez v. Westchester Foreign Autos, Inc., No. 11 CIV. 6091, 2013 WL 749497, at *8 (S.D.N.Y. Feb. 28, 2013). I agree with these decisions, and find that plaintiffs' allegations are sufficiently specific to plausibly allege that the individual defendants were their employers.

Defendants place undue emphasis on the fact that some of plaintiffs' allegations against the individual defendants are made on information and belief. See, e.g., Defs.' Mem. at 7 ("[Plaintiffs'] allegations, alleged upon information and belief, are simply insufficient to bring Plaintiffs' claims 'across the line from conceivable to plausible.'" (quoting Twombly, 550 U.S. at 570)).[6] As the Second Circuit has explained, "[t]he Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are

---

[6] In doing so, defendants rely heavily upon Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009), see Defs.' Mem. at 5, 6, 8, but Tracy is easily distinguishable. In Tracy, the court did not allow plaintiff to amend the complaint to add an individual defendant who was "the chief human resources officer in an enormous, multi-billion dollar corporation scattered across hundreds of miles." Tracy, 667 F. Supp. 2d at 247. Given this factual background, the court found plaintiff's allegations that this defendant exercised control, made on information and belief, to be implausible. Id. "[H]ere, unlike in Tracy, there is no reason to question the plausibility of [plaintiffs'] allegations in light of [the bakeries'] size or number of employees; there is no allegation that [the bakeries are] a massive enterprise with far-flung offices and a large number of employees." See Wilk, 2012 WL 560738, at *9.

11

peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation and citations omitted). Plaintiffs' allegation that defendants were co-owners of the bakeries is properly made on information and belief, as knowledge of the ownership structure of the bakeries is particularly in defendants' control. And, in light of plaintiffs' allegations that the individual defendants were co-owners of the bakeries and were involved in the day-to-day operations of the bakeries, I find plausible their allegations that defendants had the power to hire and fire them and determine their rate of pay.

**B. Plaintiffs Have Plausibly Alleged That the Bakeries Were Their Joint Employers.**

Plaintiffs allege that the bakeries were their "joint employers," Compl. ¶¶ 25−26, who "paid the [p]laintiffs simultaneously," id. ¶ 62, and "use the same bookkeepers and payroll systems," id. ¶ 64. They further allege, on information and belief, that the bakeries "have the same owners[ and] directors" and "co-mingle assets between themselves." Id. ¶ 61.

These factual allegations indicate that the plaintiffs' theory of liability against the bakeries falls into the category that courts have termed a "single integrated enterprise" or a "single employer situation." "A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise. In such circumstances, of which examples may be parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management, the nominally distinct entities can be deemed to constitute a single enterprise." Perez, 2013 WL 749497, at *7 (citations omitted). "To establish single employer liability, courts employ a four-factor test, analyzing the extent of: (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc., No. 14 CV 5269, 2016 WL 5092588,

at *16 (E.D.N.Y. Sept. 19, 2016) (quoting Garcia v. Chirping Chicken NYC, Inc., No. 15-CV-2335, 2016 U.S. Dist. LEXIS 32750, at *20 (E.D.N.Y. Mar. 31, 2016)). Often, a single integrated enterprise exists when "the companies [are] located at the same address, moved employees from one company to another, and had the same employees perform their bookkeeping." Id. at *17 (surveying prior cases).

Plaintiffs' factual allegations are sufficient to plausibly allege that the bakeries are a single integrated enterprise and thus are both their employers under the FLSA. As explained above, plaintiffs specifically allege that the bakeries have common ownership and that the co-owners are involved in the day-to-day operation of the bakeries. Further, they allege that the bakeries share bookkeepers and payroll systems, and that they pay plaintiffs simultaneously. Moreover, the addresses alleged in the complaint as the bakeries' principal places of business, see Compl. ¶¶ 19, 22, appear to be adjacent buildings in Bensonhurst, Brooklyn.

Similar allegations have been considered sufficient by other courts. See, e.g., Li v. Ichiro Sushi, Inc., No. 14-CV-10242, 2016 WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016) (finding allegations that two corporate entities were owned and operated by the same individuals sufficient); Chimbay v. Pizza Plus at Staten Island Ferry, Inc., No. 15-CV-2000 (RLE), 2016 WL 1064611, at *4 (S.D.N.Y. Mar. 14, 2016) (finding allegations that restaurants shared common facilities, formulated pay policies together, shared staff, used the same timekeeping system, processed and issued paychecks together, and shared the same executive officer "sufficiently alleged that [d]efendants are a single employer to survive a 12(b)(6) motion to dismiss"); Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552, 564 & n.5 (S.D.N.Y. 2015) (finding plaintiffs had sufficiently alleged that four corporate defendants constituted a single integrated enterprise and rejecting defendants' contrary argument as a "highly formalized and technical reading of the

13

complaint that is inappropriate in the context of a dispositive motion in which all favorable inferences are drawn in favor of the non-movant"); Bravo, 2013 WL 5549495, at *8 (finding plaintiffs' "factual allegations, taken as true, are sufficient [to] establish all the . . . [c]orporate [d]efendants were the [p]laintiffs' employers under the single enterprise theory" because, among other things, corporate defendants "paid the employees using the same payroll methods from a central office," "several of the Plaintiffs worked at more than one [of the corporate defendants]," and "[p]laintiffs allege common management").

### III. This Court Has Subject Matter Jurisdiction over Plaintiff Lopez's NYLL Claims.

Finally, defendants assert that this court "lacks subject matter jurisdiction" over plaintiff Lopez's claims because he previously entered into a settlement agreement that contains a general release of claims against defendants. Defs.' Mem. at 11−12. Defendants appear to be attempting to argue that this agreement rendered Lopez's NYLL claims moot. See id. (citing Genesis HealthCare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (Supreme Court case on mootness doctrine in unrelated context of unaccepted Rule 68 offers)).

Defendants cite to absolutely no authority that supports their argument, and they are incorrect that this case poses any mootness issue. Indeed, the only other case cited by defendants shows why mootness doctrine is inapplicable here. In that case, Redzepagic v. Hammer, No. 14 CIV. 9808, 2017 WL 780809 (S.D.N.Y. Feb. 27, 2017), defendants sought summary judgment on the basis that plaintiff "knowingly signed [an] [a]greement in which he released the [d]efendants of all claims." Id. at *3. The court, however, determined that "[p]laintiff's purported waiver of his FLSA rights in the Agreement . . . [wa]s not enforceable to bar [p]laintiff's cause of action." Id. at *4. Thus, in that case, the court exercised its jurisdiction over plaintiff's claims, considered the enforceability of the purported waiver at the summary judgment stage, *and then ultimately*

*concluded that the waiver was unenforceable*, thereby permitting the plaintiff a chance of recovery. It is precisely this potential of plaintiff's recovery that creates the "case or controversy" that forms the basis of my jurisdiction here. See Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) ("A case becomes moot . . . 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (quoting Knox v. Serv. Emps., 567 U.S. 298, 307 (2012))).[7]

## CONCLUSION

Defendants' motion to dismiss is denied in its entirety.

          /s/ ARR
Allyne R. Ross
United States District Judge

Dated: May 31, 2017
      Brooklyn, New York

---

[7] The court has previously explained to the defendants, at a telephone conference held on April 5, 2017, that the issue of whether plaintiff Lopez is barred from bringing his claims by a settlement agreement requires determination of factual issues that are not properly addressed at this stage in the litigation. Specifically, plaintiffs' opposition brief suggests that there is a substantial dispute over factual issues bearing on enforceability of the waiver. See Pls.' Opp'n at 11−12 ("[A]ny release, if signed, was signed while [Lopez] was on medications in the hospital, was unrepresented by counsel, and [he] did not understand what he was signing as he does not speak or read English and the alleged release was never translated for him and was solely presented in English.").