# SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between Carlos Antonio Merida Concha ("Concha"), Filiberto Cortes Lazcano ("Lazcano"), Jose Guillermo Martinez ("Martinez"), Eulalio Lopez ("Lopez"), Josue Adonias Alonzo Gonzalez ("J. Gonzalez"), Emerson Alonzo Gonzalez ("E. Gonzalez"), Ronald Alexander Nelson Alonzo Gonzalez ("N. Gonzalez"), Miguel Salome Antonio Tambriz Ramirez ("Tambriz") and Mario J. Vicente Ajiatas ("Ajiatas") (collectively, "Plaintiffs"), and Brooklyn Bakery, Inc. d/b/a NY Brooklyn Bread, World Finest Bakers, LLC d/b/a Reliable Bakery, Joseph Vitacco and Peter Ruggeri (collectively, "Defendants") regarding Plaintiffs' employment and the settlement of their FLSA claims they have or may have against Defendants.

**WHEREAS,** Plaintiffs have filed a case against Defendants in the United States District Court, Eastern District of New York, entitled <u>Carlos Antonio Merida Concha et al. v. Brooklyn Bakery, Inc. d/b/a NY Brooklyn Bread et al.</u>, Docket No.: 16-cv-06808 (ARR)(LB) (the "Action").

**WHEREAS,** Defendants in the Action have denied all claims alleged in the Action;

**WHEREAS,** the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Definition of Parties.**

    (a) "Releasors" are defined as Plaintiffs and includes each of their present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that alone of any Plaintiffs, he will be referred to by Concha, Lazcano, Martinez, Lopez, J. Gonzalez, E. Gonzalez, N. Gonzalez, Tambriz or Ajiatas; and,

    (b) "Released Parties" is defined to include Joseph Vitacco, Peter Ruggeri, Brooklyn Bakery, Inc. d/b/a NY Brooklyn Bread, World Finest Bakers, LLC d/b/a Reliable Bakery, and their present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiffs' Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiffs have or may have in

the future through the date of execution of this Agreement, including withdrawing any pending motion for collective action.

3. **Limited Release of All Fair Labor Standards Act Claims by Plaintiffs.**

(a) Release of Fair Labor Standards Acts Claims. Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Releasors have or may have against Released Parties, and also covenant not to file any claim or suit alleging a violation of the FLSA.

(b) Collective/Class Action Waiver. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiffs, upon learning of Plaintiffs' inclusion, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to their released claims. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs and subject to the United States District Court Eastern District of New York's (the "Court") approval of this Agreement, Defendants in the Action agree to pay to Plaintiffs the gross total sum of $130,000.00 (the "Payment"), with a Payment of $29,900.06 of the Payment constituting attorneys' fees, payable as follows:

(1) Contemporaneous with the execution of this agreement the Defendants shall transfer $30,000 to Defendants' attorneys escrow account to be held in said account pending Court approval of this Agreement. On or before five (5) business days from the date the Court issues an Order approving this settlement, $30,000.00 shall be made payable by certified or bank check to Law Office of Brett M. Schatz PC, and delivered to 1345 6th Avenue, 2nd Floor, New York, NY 10105. Plaintiffs' attorney shall be responsible for distribution of all payments to Plaintiffs, which shall be made as follows:

a. Carlos Antonio Merida Concha: $2,300.00

b. Filiberto Cortes Lazcano: $2,900.00

c. Jose Guillermo Martinez: $2,300.00

d. Eulalio Lopez: $2,900.00

2

       e. Emerson Alonzo Gonzalez: $2,900.00

       f. Ronald Alexander Gonzalez Alonzo: $2,300.00

       g. Josue Adonias Gonzalez Alonzo: $2,900.00

       h. Miguel Salome Tambriz Ramirez: $2,300.00

       I. Mario J. Vicente Ajiatas: $2,300.00

       J. Law Office of Brett M. Schatz P.C.: $6,900.00

(2) On or before ninety days (90) days from the date the Court issues an Order approving this settlement, $50,000.00 shall be made payable by certified or bank check to Law Office of Brett M. Schatz PC, and delivered to 1345 6th Avenue, 2nd Floor, New York, NY 10105. Plaintiffs' attorney shall be responsible for distribution of all payments to Plaintiffs, which shall be made as follows:

       a. Carlos Antonio Merida Concha: $3,833.33

       b. Filiberto Cortes Lazcano: $4,833.33

       c. Jose Guillermo Martinez: $3,833.33

       d. Eulalio Lopez: $4,833.33

       e. Emerson Alonzo Gonzalez: $4,833.33

       f. Ronald Alexander Gonzalez Alonzo: $3,833.33

       g. Josue Adonias Gonzalez Alonzo: $4,833.33

       h. Miguel Salome Tambriz Ramirez: $3,833.33

       I. Mario J. Vicente Ajiatas: $3,833.33

       J. Law Office of Brett M. Schatz P.C.: $11,500.03

(3) On or before one hundred and eighty days (180) days from the date the Court issues an Order approving this settlement, $50,000.00 shall be made payable by certified or bank check to Law Office of Brett M. Schatz PC, and delivered to 1345 6th Avenue, 2nd Floor, New York, NY 10105. Plaintiffs' attorney shall be responsible for distribution of all payments to Plaintiffs, which shall be made as follows:

       a. Carlos Antonio Merida Concha: $3,833.33

       b. Filiberto Cortes Lazcano: $4,833.33

       c. Jose Guillermo Martinez: $3,833.33

       d. Eulalio Lopez: $4,833.33

       e. Emerson Alonzo Gonzalez: $4,833.33

       f. Ronald Alexander Gonzalez Alonzo: $3,833.33

       g. Josue Adonias Gonzalez Alonzo: $4,833.33

       h. Miguel Salome Tambriz Ramirez: $3,833.33

        I. Mario J. Vicente Ajiatas: $3,833.33

        J. Law Office of Brett M. Schatz P.C.: $11,500.03

        (b)    The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA, known or unknown, asserted or unasserted, that Releasors may have against Released Parties.

        (d)    Plaintiffs shall be responsible for the payment of any taxes owed on the Payment. Plaintiffs represent that no tax advice has been given to them by Released Parties or their representatives and they understand that Released Parties make no representation or guarantee as to the tax consequences of these payments. Plaintiffs hereby agree to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiffs for any failure by them to properly report the payment.

        (e)    Defendants shall issue a Form 1099 to Law Office of Brett M. Schatz PC, 1345 6th Avenue, 2nd Floor, New York, NY 10105, covering the Payment, and Plaintiffs and Plaintiffs' counsel shall be solely responsible for any taxes owed on the sum they receive under this Agreement.

        (f)    Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiffs' counsel an executed affidavit for confession of judgment in the amount of $150,000.00 less any payment made hereunder plus attorney's fees and costs incurred in collecting on the confession of Judgment. In the event Defendants are in default of any payment in paragraph 4 of this Agreement, Releasors or their counsel Law Office of Brett M. Schatz PC shall provide written notice to Defendants via e-mail and facsimile sent to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, fax number: (516) 328-0082, of the default and intent to file the affidavit for confession of judgment with the Clerk of the Court of Kings County for judgment to be entered against Defendants declaring the entire sum then unpaid immediately due and payable. If Defendants do not cure the defect within ten (10) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety, and Plaintiffs may file the affidavit for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Payment already paid prior to the filing of the confession of judgment.

    5.    **Settlement Approval.**

Plaintiffs shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiffs' claims, with prejudice.

    6.    **Non-Admission of Wrongdoing.**    Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiffs against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

7. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

10. **Entire Agreement.**

(a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiffs have or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c) Plaintiffs acknowledge that they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.** Plaintiffs are competent to affect a knowing and voluntary release of all of their FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle their FLSA claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

12. **Workers Compensation Claim.**

Notwithstanding anything to the contrary contained herein, this agreement does not release the Defendants or their Workers Compensation Insurance Carrier from any liabilities arising out of a Workers Compensation claim filed by plaintiff Emerson Alonzo Gonzalez.

13. **Representations.**

(a) Plaintiffs understand and agree that they have been advised that they have twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b) Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

(c) Plaintiffs understand and agree that they have been advised that they have seven (7) days after signing this Agreement to change their mind and to revoke this Agreement. Plaintiffs understand and agree that if they exercise this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If Plaintiffs should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Joseph M. Labuda, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

14. **Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by his counsel, Law Office of Brett Schatz PC. Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all claims that they could possibly have against Released Parties under the FLSA. Plaintiffs selected their counsel voluntarily;

(b) Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Released Parties will not be obligated to provide the Payment until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2018    By: _____
                                    Carlos Antonio Merida Concha

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____   )

On the ___ day of _____ in the year 2018, before me, the undersigned notary public, Carlos Antonio Merida Concha personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual taking acknowledgment

Dated: April 30, 2018    By: _____
                             Filiberto Cortes Lazcano

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF  NY       )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Filiberto Cortes Lazcano personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

_____
Signature and Office of individual taking acknowledgment

Dated: April 30, 2018    By: _____
                             Jose Guillermo Martinez

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF  NY       )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Jose Guillermo Martinez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

_____
Notary

7

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: __April 29__, 2018   By: __Carlos Merida__
                                 Carlos Antonio Merida Concha

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF __NY__    )

On the __29__ day of __April__ in the year 2018, before me, the undersigned notary public, Carlos Antonio Merida Concha personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2020**
**Commission in New York**

_____
Signature and Office of individual taking acknowledgment

Dated: _____, 2018   By: _____
                                         Filiberto Cortes Lazcano

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2018, before me, the undersigned notary public, Filiberto Cortes Lazcano personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual taking acknowledgment

Dated: _____, 2018   By: _____
                                         Jose Guillermo Martinez

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2018, before me, the undersigned notary public, Jose Guillermo Martinez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

7

|  |  | Signature and Office of individual taking acknowledgment |
|---|---|---|

Dated: April 30, 2018    By: _Eulalio Lopez_ (signature)
Eulalio Lopez

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NY      )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Eulalio Lopez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

_____
Signature and Office of individual
taking acknowledgment

Dated: April 30, 2018    By: _(signature)_
Josue Adonias Gonzalez Alonzo

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NY      )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Josue Adonias Alonzo Gonzalez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

_____
Signature and Office of individual
taking acknowledgment

Dated: April 30, 2018    By: _Emerson Gonzalez_ (signature)
Emerson Gonzalez Alonzo

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NY      )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Emerson Alonzo Gonzalez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly

Brett M. Schatz
Notary Public State of New York
LIC.# 02SC6186851
Comm. Exp: 05/12/2020
Commission in New York

8

_(signature)_
Notary

with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

|  |  |
|---|---|
|  | Signature and Office of individual taking acknowledgment |
| Dated: April 30, 2018    By: | *Alex Gonzalez* |
|  | Ronald Alexander Gonzalez Alonzo |

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF  NY        )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Ronald Alexander (Nelson) Alonzo Gonzalez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2020**
**Commission in New York**

Signature and Office of individual taking acknowledgment

Dated: April 30, 2018    By: _____
                             Miguel Salome Tambriz Ramirez

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF  NY        )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Miguel Salome (Antonio) Tambriz Ramirez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2020**
**Commission in New York**

Signature and Office of individual taking acknowledgment

Dated: April 30th, 2018    By: _____
                               Mario J. Vicente Ajiatas

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF  NY        )

On the 30 day of April in the year 2018, before me, the undersigned notary public, Mario J. Vicente Ajiatas personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly

**Brett M. Schatz**
**Notary Public State of New York**
**LIC.# 02SC6186851**
**Comm. Exp: 05/12/2020**
**Commission in New York**

Notary

9

with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

*[Signature]*
Signature and Office of individual taking acknowledgment

*[Notary stamp: TERESA DiLORENZO, Notary Public - State of New York, NO. 01DI6185082, Qualified in Kings County, My Commission Expires 4-14-2020]*

Dated: April 25, 2018    By: *[Signature]*
Joseph Vitacco, Individually

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Kings      )

On the 25 day of April in the year 2018, before me, the undersigned notary public, Joseph Vitacco personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

*[Signature]*
Signature and Office of individual taking acknowledgment

*[Notary stamp: TERESA DiLORENZO, Notary Public - State of New York, NO. 01DI6185082, Qualified in Kings County, My Commission Expires 4-14-2020]*

Dated: April 25, 2018    By: *[Signature]*
Peter Ruggeri, Individually

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Kings      )

On the 25 day of April in the year 2018, before me, the undersigned notary public, Peter Ruggeri personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

*[Signature]*
Signature and Office of individual taking acknowledgment

*[Notary stamp: TERESA DiLORENZO, Notary Public - State of New York, NO. 01DI6185082, Qualified in Kings County, My Commission Expires 4-14-2020]*

Dated: April 25, 2018    By: *[Signature]*
                         Title:
                         on behalf of Brooklyn Bakery Inc.
                         D/B/A NY Brooklyn Bread

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Kings      )

On the 25 day of April in the year 2018, before me, the undersigned notary public, Joseph Vitacco personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the

10

intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

TERESA DILORENZO
Notary Public - State of New York
NO. 01DI6185082
Qualified in Kings County
My Commission Expires 4-14-2020

Dated: April 25, 2018

By: _____
Title:
on behalf of World Finest Bakers LLC
D/B/A Reliable Bakery

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Kings    )

On the 25 day of April in the year 2018, before me, the undersigned notary public, Peter Ruggeri personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

TERESA DILORENZO
Notary Public - State of New York
NO. 01DI6185082
Qualified in Kings County
My Commission Expires 4-14-2020

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CARLOS ANTONIO MERIDA CONCHA,
FILIBERTO CORTES LAZCANO,
JOSE GUILLERMO MARTINEZ
and EULALIO LOPEZ
on behalf of themselves and all others
similarly situated,

Docket No.: 1:16-cv-06808(ARR)(LB)

STIPULATION OF
DISMISSAL

                       Plaintiffs,

        -against-

BROOKLYN BAKERY, INC. D/B/A
NY BROOKLYN BREAD, WORLD FINEST
BAKERS, LLC D/B/A RELIABLE BAKERY,
JOSEPH VITACCO, and PETER RUGGERI,

                       Defendants.
----------------------------------------------------------X

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

Dated: April ___, 2018

_____
Brett Schatz, Esq.
Law Office of Brett M. Schatz PC
Attorneys for Plaintiffs
1345 6th Avenue, Floor 2
New York, NY 10105

_____
Joseph M. Labuda, Esq.
Netanel Newberger, Esq.
Milman Labuda Law Group PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

SO ORDERED:

_____
Honorable Lois Bloom, U.S.M.J.